NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

September 9, 2022

Dara J. Lawall, Esq.
Lawall & Mitchell, LLC
55 Madison Avenue, Suite 400
Morristown, NJ 07960
*Attorney for Plaintiff Bergen Plastic Surgery*

Mariellen Dugan, Esq.
Niko J. Rydelek, Esq.
Calcagni & Kanefsky, LLP
One Newark Center
1085 Raymond Boulevard, Floor 14
Newark, NJ 07102
*Attorneys for Defendant Aetna Life Insurance Company*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

Re:   ***Bergen Plastic Surgery v. Aetna Life Ins. Co.***
       **Civil Action No. 22-227 (SDW) (JSA)**

Counsel:

Before this Court is Aetna Life Insurance Company's ("Defendant") Motion to Dismiss Plaintiff Bergen Plastic Surgery's ("Plaintiff") Complaint (D.E. 1-1 at 2–9 ("Compl.")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) (D.E. 10). Jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 1332 and 1391, respectively. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Defendant's motion is **GRANTED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is a healthcare services company in New Jersey and brings this suit to recover payments for three surgeries its employees performed on "SM" ("Patient"), who was insured by Defendant at the time of treatment. (Compl. ¶¶ 4–5, 11, 14–15, 25, 34.) The surgeries resulted in a bilateral mastectomy and were medically necessary given Patient's diagnosis of a genetic predisposition to breast cancer. (*Id*. ¶ 13.) At all relevant times, Plaintiff was an out-of-network provider under Patient's insurance plan. (*Id*. ¶ 12.)

Plaintiff alleges that, prior to each surgery and "as part of its normal practice, [it] obtained authorization for the medically necessary treatment of the Patient" and Defendant's representatives

"approved . . . the services to be performed by Plaintiff," as follows.  (*Id*. ¶¶ 16–17, 23–24, 32–33.)  The first surgery was approved on January 19, 2017, by representative Sam I., under authorization number 3028860432; the second was approved on or about January 31, 2017, by representative Jay L. under authorization number 13256439; and the third was approved on May 19, 2017, by representative James under authorization number 46962949.  (*Id*. ¶ 17, 24, 33.)  Plaintiff billed Defendant a total of $134,764.00 for the three surgeries, which is a normal and reasonable amount for such procedures in New Jersey.  (*Id*. ¶ 38.)  Defendant paid Plaintiff only $2,135.59 of the amount billed.  (*Id*.)

Plaintiff filed the instant lawsuit on December 1, 2021, in the Superior Court of New Jersey, Law Division, Bergen County, and served Defendant with a copy of the summons and complaint on December 20, 2021.  (*See* Compl., D.E. 1-1 at 13.)  The Complaint asserts claims for: (1) breach of contract (First Count); (2) promissory estoppel (Second Count); and (3) account stated (Third Count).  (Compl. ¶¶ 40–56.)  Defendant timely removed the suit to this Court on January 18, 2022, based on diversity jurisdiction.  (D.E. 1.)  *See* 28 U.S.C. §§ 1332, 1446(b).  Defendant subsequently filed the instant motion to dismiss, and the parties have completed briefing.  (D.E. 10, 12, 13.)

## II.    LEGAL STANDARD

An adequate complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A claim for relief must be "plausible" and a complaint will not survive a motion to dismiss if the "well-pleaded facts do not permit the court to infer more than the mere possibility" of defendant's liability.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (noting that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

When considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (discussing the *Iqbal* standard).  Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

## III.   DISCUSSION

Defendant argues that the Complaint must be dismissed because Plaintiff has not alleged sufficient facts to set out a plausible claim that Defendant made any contract or promise to pay Plaintiff for the surgeries.  (D.E. 10-1 at 4–5, 7–12.)  This Court agrees for the reasons discussed below and will provide Plaintiff another opportunity to amend its Complaint.

### A.     Breach of Contract and Promissory Estoppel (First and Second Counts)

To state a claim for breach of contract under New Jersey law, a plaintiff must allege that: (1) the "parties entered into a contract containing certain terms"; (2) the plaintiff "did what the contract required [it] to do"; (3) the defendant did not, and thus breached the contract; and (4) the

defendant's breach "caused a loss to the plaintiff." *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016) (quoting N.J. Model Civil Jury Charges § 4.10A, *The Contract Claim – Generally*, (May 1998)). [1] "Like express contracts, contracts implied in fact depend on mutual agreement and intent to promise," but in the case of an implied-in-fact contract, the parties manifest these elements "by conduct instead of words." *Saint Barnabas Med. Ctr. v. Essex Cnty.*, 543 A.2d 34, 39 (N.J. 1988) (quotation marks omitted). A contract "must be sufficiently definite that the performance to be rendered by each party can be ascertained with reasonable certainty. . . . Where the parties do not agree to one or more essential terms, . . . courts generally hold that the agreement is unenforceable." *Weichert Co. Realtors v. Ryan*, 608 A.2d 280, 284 (N.J. 1992) (quotation marks and citations omitted).

To state a claim for promissory estoppel, a plaintiff must establish "four elements: (1) a clear and definite promise; (2) made with the expectation that the [plaintiff] will rely on it; (3) reasonable reliance; and (4) definite and substantial detriment." *Toll Bros v. Bd. of Chosen Freeholders*, 944 A.2d 1, 19 (N.J. 2008). "The terms of a promise or agreement are those expressed in the language of the parties or implied in fact from other conduct." *Wanaque Borough Sewerage Auth. v. Twp. of W. Milford*, 677 A.2d 747, 752 (N.J. 1996) (quoting *Restatement (Second) of Contracts* § 5 comment a (1979)).

Plaintiff's breach of contract count alleges that Defendant "authoriz[ed]" Patient's surgeries which created an implied-in-fact contract to pay the fair and reasonable rates for those medical services. (Compl. ¶¶ 41–42.) Similarly, Plaintiff's promissory estoppel claim alleges that Defendant's "authorizations" amounted to a promise to pay Plaintiff for its services at a customary and reasonable rate. (*Id*. ¶ 48.) Plaintiff is an out-of-network provider and does not allege that it had any prior agreement or course of dealing with Defendant that might lead Plaintiff to expect payment for Patient's care at all, let alone at any "customary" rate, except as stated in these authorizations. (*Id*. ¶¶ 12, 48.) Thus, both claims depend on the terms of the authorizations, including what costs Defendant agreed to cover or what costs, if any, Patient's health insurance plan covered for out-of-network care that was "authorized." However, the Complaint provides none of these essential details. It gives authorization numbers and agent names but does not describe any of the authorizations' terms, or even state whether they were written or oral.[2] Without more, claiming that the surgeries were "pre-authorized" and medically necessary is insufficient to allege that the parties had a contract with "certain terms" or that Defendant had made a "clear and definite" promise to pay. *Weichert Co. Realtors*, 608 A.2d at 284; *Toll Bros*, 944 A.2d at 19. Plaintiff's breach-of-contract and promissory estoppel claims will therefore be dismissed.

---

[1] The parties appear to agree that New Jersey law applies to Plaintiff's claims, as Plaintiff cites only New Jersey law and Defendant cites *Premier Orthopaedic Assocs. of S. NJ, LLC v. Aetna, Inc.*, 2021 WL 2651253, at *3 (D.N.J. June 28, 2021), which applied New Jersey law. (*See* D.E. 10-1 at 7–13; D.E. 12 at 9–14.)

[2] Plaintiff's opposition to the motion to dismiss states that the authorizations were an "oral contract." (D.E. 12 at 11.) However, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss," and, in any event, the opposition also does not give sufficient detail to state a breach-of-contract or promissory estoppel claim. *Commw. of Pa. ex. rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quotation marks omitted).

### B. Account Stated (Third Count)

A claim for account stated requires an express or implied "admission by [a] debtor to [a] creditor of a stated indebtedness" which constitutes an implied promise to pay. *Harris v. Merlino*, 61 A.2d 276, 279 (E. & A. 1948); *see Maersk Line v. TJM Int'l Ltd. Liab. Co.*, 427 F. Supp. 3d 528, 536 (D.N.J. 2019). Thus, "[t]he essential elements of an account stated are (1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; and (3) a promise by the debtor, express or implied, to pay the amount due." 29 Williston on Contracts § 73:56 (4th ed.). "In some circumstances, silence on behalf of the debtor can result in acquiescence to the sum due if the debtor does not respond for a reasonably long period of time." *Asco Power Techs., L.P. v. Pepco Techs., L.L.C.*, 2006 WL 3000334 at *7 (D.N.J. Oct. 20, 2006). A debtor's partial payment of an invoice may also constitute an implied admission of indebtedness for the balance. *See Harris*, 61 A.2d at 279; *Maersk Line*, 427 F. Supp. 3d at 536.

Plaintiff alleges that Defendant "acknowledged receipt of [Plaintiff's] bills" and paid them in part without "object[ing] in any manner to the billed amounts." (Compl. ¶ 54.) This is insufficient to allege an account stated claim because the Complaint fails to allege any facts suggesting that the parties had a debtor–creditor relationship. *See Harris*, 61 A.2d at 279; 29 Williston on Contracts § 73:56 (4th ed.). Plaintiff provided a service to *Patient*, not Defendant, and the degree to which Defendant agreed to cover the out-of-network costs of Patient's care is not stated in the Complaint.

The Complaint also fails to sufficiently plead that the parties had any agreement regarding the amount due, whether express or implied. While Defendant's acknowledgement and partial payment of the amount billed might constitute an admission of indebtedness if the parties had a debtor–creditor relationship, *see Maersk Line*, 427 F. Supp. 3d at 536, there is no such implication here where that relationship is not alleged. Given that the parties are an insurance carrier and an out-of-network provider, Defendant's partial payment implies that the balance due is the responsibility of *Patient* and does not imply tacit agreement by Defendant to pay the balance. The Complaint also appears to allege that Defendant was billed separately for the three surgeries, and that Defendant acknowledged but paid *nothing* toward the first bill, which implies that Defendant in fact did not agree to pay the billed amount. (*Id*. ¶¶ 18–20, 26–30, 35–37.) For all of these reasons, Plaintiff fails to state a claim for account stated, and this claim must also be dismissed.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff shall have thirty (30) days to file an Amended Complaint. An appropriate order follows.

                                                                       /s/ Susan D. Wigenton
                                                        **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Jessica S. Allen, U.S.M.J.